## STATE of Maine

### v.

## Roger E. DULAC.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1991.
Decided Jan. 3, 1992.

---

David W. Crook, Dist. Atty., Paul Rucha (orally), Everett Fowle, Asst. Dist. Attys., Augusta, for plaintiff.

Robert J. Allen (orally), Vandermeulen, Goldman, Allen & O'Brian, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Roger E. Dulac appeals from a conviction for operating a motor vehicle under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Supp.1990), entered by the Superior Court (Kennebec County, *Delahanty, C.J.*) upon his conditional guilty plea. Dulac's sole contention on appeal is that the District Court (Augusta, *Studstrup, D.C.J.*) erred in denying his motion to suppress evidence obtained when a state trooper stopped his car. We find no error and affirm Dulac's conviction.

On March 17, 1990, at approximately 9:45 p.m., Trooper David Armstrong of the Maine State Police was on routine patrol in the town of Monmouth heading south on South Monmouth Road. When Trooper Armstrong was approximately fifty to one hundred feet from the intersection of South Monmouth Road and Route 126, he observed Dulac's vehicle make a left-hand turn from Route 126 to head north on South Monmouth Road. At the District Court hearing on Dulac's motion to suppress, Trooper Armstrong characterized the turn as "extremely wide." He testified that as Dulac came around the corner, about half of the car left the paved portion of the road and went into a ditch and onto the snow. The trooper testified that although the night was foggy, the intersection was illuminated by a street light and visibility was clear. Trooper Armstrong decided to stop Dulac's vehicle based upon his observation of the wide turn.[1]

██ The Fourth Amendment to the United States Constitution and Article I, section 5 of our Maine Constitution require that in order to make a valid investigatory stop, a law enforcement officer must act on the basis of "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *see State v. Griffin*, 459 A.2d 1086, 1089 (Me.1983). The intrusion is justified if at the time of the stop the officer has an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances. *State v. Chapman*, 495 A.2d 314, 317 (Me.1985); *State v. Garland*, 482 A.2d 139, 142 (Me.1984); *Griffin*, 459 A.2d at 1089; *but see State v. Carnevale*, 598 A.2d 746, 748 (Me.1991). In the instant case the court found that there was a sufficient basis upon which the state trooper could develop a reasonable and articulable suspicion that Dulac was operating under the influence, and that such a suspicion did in fact exist. We review those findings only for clear error. *See State v. Cyr*, 501 A.2d 1303, 1305 (Me.1985).

██ Dulac asserts that the District Court could not properly find that it was objectively reasonable for the trooper to suspect that he was driving while intoxicated. In particular, he argues, as he did before the motion judge, that no meaning-

---

1. Trooper Armstrong testified that he has been trained to recognize extremely wide turns as an indication that the driver may be operating under the influence.

ful distinction can be drawn between the facts of his case and those of *State v. Caron,* 534 A.2d 978 (Me.1987), where we held the stop to be an unreasonable intrusion. *Id.* at 979. In *Caron* we stated

[a] vehicle's brief, one time straddling of the center line of an undivided highway is a common occurrence and, in the absence of oncoming or passing traffic, without erratic operation or other unusual circumstances, does not justify an intrusive stop by a police officer.

*Id.*

In his attempt to analogize the facts of this case to those in *Caron,* Dulac argues that his was only a one-time deviation and, therefore, should not warrant an investigatory stop. Dulac's focus on the single instance of this deviation, however, is misplaced. *Caron* does not stand for the proposition that deviant operation, because it occurs only once, does not justify a *Terry*-type stop. In *Caron,* we concluded that a brief straddling of the center line in the absence of other traffic is a common occurrence that does not constitute erratic operation. An "extremely wide" turn where a portion of the vehicle leaves the paved surface of the road and passes onto the snow, however, is not such a common occurrence. Operation of a vehicle in such a manner can be considered erratic.

We find no clear error in the District Court's finding that Trooper Armstrong's suspicion was objectively reasonable. We defer to the factfinder's determination unless it is clearly erroneous in all the circumstances. *Carnevale,* at 749. The District Court correctly distinguished the case at bar from our decision in *Caron.* We find no error in the court's determination that the trooper's observation of Dulac's vehicle leaving the road while making a turn gave rise to a reasonable suspicion sufficient to warrant an investigatory stop.

The entry is:

Judgment affirmed.

All concurring.