**STATE of Maine**

v.

**Theodore J. NELSON.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 1993.
Decided March 10, 1994.

---

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for the State.

Lawrence A. Lunn (orally), Hall & Lunn, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Theodore Nelson appeals from the judgment entered in the Superior Court (Penobscot County, *Kravchuk, J.*) on a jury verdict finding him guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Pamph.1993). We agree with Nelson that because the stop of his motor vehicle was unlawful, the District Court (Bangor, *Mead, J.*) erred in not granting Nelson's motion to suppress the evidence secured as a result of the stop and we vacate the judgment. Accordingly, we need not address the other issues raised by Nelson's appeal.

At the hearing before the District Court on Nelson's motion to suppress, the sole witness presented was Officer Michael Holmes, who testified as follows: On December 24, 1991, at approximately 1:30 a.m., while on patrol on North Main Street in Old Town, he observed an unoccupied automobile he knew belonged to Bruce Moore, a former neighbor of his, in a well-lit parking lot at a housing complex for the elderly located on North Main Street. Because the police department within the prior two weeks had received several complaints of theft during the nighttime, Officer Holmes took up an observation post in a small parking lot adjacent to the driveway to the complex and approximately 50 to 100 yards from the Moore automobile. He observed a white pickup truck occupied by a driver, later identified as Nelson, and one passenger enter the driveway to the complex. The pickup was backed into a parking space beside the Moore vehicle, the motor was shut off, and the headlights extinguished leaving the parking lights illuminated. With the use of binoculars, Officer Holmes recognized the passenger as Moore. He observed each of the occupants of the pickup starting to drink from a sixteen ounce Budweiser can. There was no evidence that Officer Holmes observed anything unusual about the appearance of either occupant. After approximately forty-five to fifty minutes, Moore left the pickup truck and entered his own vehicle. The headlights of the pickup truck were turned on and it was again driven past Officer Holmes onto North Main Street. As the

pickup passed his observation site, Officer Holmes immediately "pulled out behind it and turned on [his] blue lights, [and] made an enforcement stop." Nelson promptly brought the pickup to a stop. At no time did Officer Holmes observe anything unusual about the operation of the pickup. There was no evidence of mechanical defects to the pickup or of excessive speed. He stopped the pickup because he "observed the operator ... drinkin' a can of beer ... [and suspected that] the person may be under the influence of intoxicating liquor."

The District Court held "Officer Holmes had reasonable articulable suspicion to stop the Defendant's vehicle," and denied Nelson's motion to suppress evidence secured as a result of the claimed illegal stop. Nelson contends, as he did before the District Court, that the totality of the circumstances related by Holmes did not give rise to an objectively reasonable articulable suspicion of criminal conduct and, accordingly, the stop was not justified.

■ Every person is protected from unreasonable intrusions by police officers and other governmental agents by the Fourth Amendment to the United States Constitution and article I, section 5 of the Maine Constitution. An investigatory stop is justified if at the time of the stop the officer has "an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances." *State v. Dulac*, 600 A.2d 1121, 1122 (Me.1992). A determination whether "based upon [the] whole picture the detaining officers ... have a particularized and objective basis for suspecting the particular person stopped of criminal activity," *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981), contains questions of both fact and law. *State v. Fillion*, 474 A.2d 187, 190 (Me.1984). *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968) (officer must have objectively reasonable factual basis). "The question whether the officer's suspicion is objectively reasonable is purely a question of law." *State v. Fillion*, 474 A.2d at 190. It is well established that the suspicion for the stop must be based on information available to the officer at the time of the stop and cannot be bolstered by evidence secured by the stop. *State v. Chapman*, 495 A.2d 314, 317 (Me.1985).

■ We review the trial court's finding that a stop was supported by an objectively reasonable and articulable suspicion for clear error. *State v. Dulac*, 600 A.2d at 1122. In the instant case, we find a clear deficiency in the evidence supporting the reasonableness of the suspicion. The record reveals that the officer observed nothing to support his suspicion that Nelson was operating under the influence of alcohol other than Nelson's consumption of a single can of beer over the course of nearly one hour. The consumption of liquor in a motor vehicle by an adult while not operating the vehicle on a public way is neither a crime nor a civil violation. *Cf.* 29 M.R.S.A. § 1312–F (Supp.1993) (civil violation for any person to drink liquor while operating a motor vehicle on a public way); 28–A M.R.S.A. § 2052 (1988 & Supp.1993) (minor's consumption of liquor in a motor vehicle is a civil violation). The reasonable suspicion standard requires more than mere speculation. *State v. Chapman*, 495 A.2d at 317. There was no evidence that the officer observed indicia of physical impairment or anything unusual in Nelson's appearance. *Cf. State v. Hatch*, 614 A.2d 1299, 1301 (Me. 1992) (officer observed defendant's fixed stare, messy hair, and inability to maintain his balance). Officer Holmes testified that the pickup truck was not being operated in an erratic manner. *Cf. State v. Dulac*, 600 A.2d at 1123 (extremely wide turn by defendant driver with portion of his vehicle leaving paved portion of road, going into a ditch and onto snow). The officer offered no reason for his stop of the motor vehicle other than his suspicion that Nelson was under the influence of alcohol. *Cf. State v. Pinkham*, 565 A.2d 318, 320 (Me.1989) (stop could be justified for safety purposes when officer observed defendant's misuse of marked traffic lanes).

Based on the whole picture presented by this case, it cannot be said that it was objectively reasonable to believe that "criminal activity was afoot." *See State v. Griffin*, 459

A.2d 1086, 1089–90 (Me.1983). Accordingly, the court should have granted Nelson's motion to suppress the evidence secured as a result of the illegal stop.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

WATHEN, C.J., and CLIFFORD, RUDMAN and DANA, JJ., concurring.

COLLINS, Justice, dissenting.

I respectfully dissent. In my view, the trial court's finding that the stop was supported by an objectively reasonable and articulable suspicion did not constitute clear error.

The stop in this instance was not based on mere speculation that Nelson was driving while under the influence. Rather, the officer had observed Nelson drinking a 16 ounce beer, at 1:30 in the morning on Christmas Eve, while parked in the parking lot of a housing complex for the elderly from which several complaints of theft had been registered. These observed facts, in combination with the recognition of the common practice in American society of having a second beer, gave the officer an articulable suspicion that Nelson was operating his truck while under the influence of alcohol. The officer's suspicion was objectively reasonable given the totality of the circumstances. As such, I believe the stop was justified and I would affirm the trial court.