1997 ME 90

**STATE of Maine**

v.

**Ray F. BROWN.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 15, 1996.

Decided May 2, 1997.

---

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Nolan H. Tanous, Law Offices of Tanous and Snow, Millinocket, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Ray F. Brown appeals from the judgment of a conviction of operating motor vehicle under the influence of alcohol in violation of 29–A M.R.S.A. § 2411 (1996)[1] entered in the Superior Court (Penobscot County, Mead, J.), following his conditional plea of guilty entered pursuant to M.R.Crim.P. 11(a)(2). Brown challenges the Superior Court's affirmance of the decision of the District Court (Millinocket, Gunther, J.) denying his motion to suppress all evidence obtained from the stop of his vehicle. Brown contends that the court committed clear error in holding that the stop of his vehicle was based on a reasonable, articulable suspicion that Brown was engaged in a civil traffic violation. Finding no error, we affirm the judgment.

[¶ 2] At the hearing on Brown's motion to suppress, the arresting officer, Thomas Jamo of the East Millinocket Police Department, testified as follows: On June 17, 1995, at approximately 3:25 p.m., while on patrol in East Millinocket, he observed Brown's pickup going at a slow rate of speed across an alleyway that runs between Birch Street and Beech Street. The alleyway is a public way to which a speed limit of 25 m.p.h. applies. He estimated the speed of Brown's vehicle to be approximately 5 m.p.h., and recognized the vehicle as belonging to Brown.

[¶ 3] The officer testified that he intended to stop the vehicle to determine why it was proceeding so slow and that he continued up Birch Street, turned onto Park Street, and came to the intersection of Park and Beech Streets. He glanced down the street to see

---

1. 29–A M.R.S.A. § 2411 provides in part:

**1. Offense.** A person commits OUI, which is a Class D crime unless otherwise provided, if that person operates a motor vehicle:

A. While under the influence of intoxicants; or

B. While having a blood-alcohol level of 0.08% or more.

where Brown's vehicle had gone and saw that it was parked in a pharmacy parking lot. Approximately five to eight seconds had elapsed between the time that the officer had seen Brown's vehicle proceeding slowly and when he saw it parked. The officer testified that as he drove his cruiser toward Brown's vehicle, he noticed Brown take a drink out of a "silver can" that he thought might be a beer can. The officer pulled alongside Brown's vehicle, got out of his cruiser, and approached Brown. The officer witnessed Brown finish taking the drink, make eye contact, and put the can on the floor. The officer asked Brown, "What are you drinking?" Brown replied "nothing" but upon further questioning by the officer admitted that he had a beer.

[¶ 4] The officer testified that he observed Brown to have redness in his face, dilated pupils and slightly slurred speech. The officer asked Brown to get out of his car to perform some field sobriety tests. As Brown got out of his car, the officer noticed Brown stabilize himself and smelled an "odor of alcohol." Brown refused to perform the tests, was placed in custody, and put in the cruiser. In denying Brown's motion to suppress, the court concluded that the officer's approach of Brown's vehicle and inquiry of what Brown was drinking was a stop covered by the Fourth Amendment but that the intrusion was justified.[2] The court determined that, although there was no proof that the can was a beer can, the officer had the right to investigate what was in the can for the infraction of drinking while driving a motor vehicle.[3] Brown appealed the denial of his motion to suppress to the Superior Court and subsequently entered a conditional plea of guilty. The Superior Court affirmed the decision of the District Court, and this appeal followed.

[¶ 5] Brown contends that the court committed clear error in finding that there was a reasonable articulable suspicion for Officer Jamo's intrusion. We disagree. In order to support a brief investigatory stop of a motor vehicle, such as the stop in this case, a police officer must have an articulable suspicion that criminal conduct or a civil violation has occurred, is occurring, or is about to occur, and the officer's suspicion must be "objectively reasonable in the totality of the circumstances." *State v. Cusack*, 649 A.2d 16, 18 (Me.1994). We review the trial court's finding that an officer possessed a reasonable and articulable suspicion to support an investigatory stop of an automobile against a clear error standard. *State v. Brown*, 675 A.2d 504, 505 (Me.1996). Before Officer Jamo approached Brown's vehicle, he had noticed Brown driving very slow (5 miles per hour). Although in these circumstances, the slow speed alone may be an insufficient basis on which to stop the vehicle, Jamo also observed Brown, while in the car and within seconds of being seen operating he vehicle, drinking from a silver can that looked like a beer can. In addition, Jamo saw Brown

---

2. At the suppression hearing the State contended that a seizure did not take place when Officer Jamo questioned Brown but only when Brown was asked to get out of the car. The test of whether there has been a seizure as set forth in *United States v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), is whether a reasonable person would have believed he was not free to leave. Some courts have held that an officer who walks up to a person who is seated in a vehicle located in a public place has not made a "seizure" implicating the Fourth Amendment. See *United States v. Dockter*, 58 F.3d 1284, 1287 (8th Cir.1995) (no seizure when police car pulled up behind parked car on side of road and activated his amber warning lights); *People v. Ocasio*, 85 N.Y.2d 982, 629 N.Y.S.2d 161, 162, 652 N.E.2d 907, 908 (1995) (no seizure when approach of car at a stoplight and defendant was at no time prevented from departing); *State v. Glaesman*, 545 N.W.2d 178, 182 (N.D.1996) (no

seizure when police officer walked up to a parked pickup and then, when driver opened door, smelled alcohol); Cf. *State v. Burgess*, 163 Vt. 259, 657 A.2d 202, 203 (1995) (conduct of the police in displaying blue lights after pulling in behind defendant's vehicle constituted a "stop," as defendant did not feel free to leave). In this appeal, however, the State does not challenge the trial court's conclusion that the Fourth Amendment was "implicated" on the initial questioning of Brown and we assume that the intrusion implicated the Fourth Amendment to the United States Constitution.

3. 29–A M.R.S.A. § 2112 (1996) provides in part:

**2. Violation; penalty.** A person who drinks alcohol while operating a motor vehicle on a public way commits a traffic violation for which a forfeiture not to exceed $500 may be adjudged.

furtively place the can on the floor of the vehicle after Brown made eye contact with him. Based on those circumstances, the court correctly concluded that Jamo had a reasonable articulable suspicion that a civil infraction had occurred or was occurring and that his approach of Brown's vehicle and his limited inquiry was justified.

The entry is:

Judgment affirmed.

GLASSMAN, Justice, dissenting.

[¶ 6] Because I believe the District Court erred by denying Brown's motion to suppress all evidence obtained as a result of the stop of his vehicle, I must respectfully dissent. The Court concedes, and the District Court determined, in the circumstances of this case the use of the alley for parking, the entrances to businesses and residences located on the alley, pedestrian traffic and children bicycling in the alley, that Brown's operation of his vehicle at a slow rate of speed was an insufficient basis for the police to stop the vehicle.

[¶ 7] The law is well established that the suspicion for a stop must be based on information available to the officer at the time of the stop and cannot be bolstered by evidence secured by the stop. *State v. Chapman*, 495 A.2d 314, 317 (Me.1985). The reasonable articulable suspicion standard requires more than mere speculation. *Id.*

[¶ 8] Here, the record reveals that prior to the stop Officer Jamo observed nothing to support his suspicion that Brown was operating his vehicle while under the influence of alcohol. It was after the stop that Jano observed Brown's appearance and any indicia of his physical impairment. The consumption of liquor in a motor vehicle by an adult while not operating the vehicle on a public way is neither a crime nor a civil violation. *State v. Nelson*, 638 A.2d 720, 722 (Me.1994). Observing Brown take a sip from a beer can while seated in his parked vehicle does not give rise to a reasonable articulable suspicion that he had previously operated his vehicle while under the influence of an intoxicant. I would vacate the judgment.