1998 ME 57

**STATE of Maine**

v.

**Richard P. FOURNIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 23, 1997.

Decided March 24, 1998.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for the State.

John D. Bunker, Paine, Lynch & Harris, P.A., Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

DANA, Justice.

[¶ 1] Richard P. Fournier appeals from the judgment entered in the Superior Court (Penobscot County, *Mead, J.*) convicting him of operating after revocation, Class C, in violation of 29–A M.R.S.A. § 2557 (1996 & Supp.1997), following his entry of a conditional guilty plea pursuant to M.R. Crim. P. 11(a)(2). Fournier contends that the officer who stopped his car lacked a reasonable suspicion justifying the investigatory stop. We disagree and affirm the judgment.

[¶ 2] On April 26, 1996, Officer Paul Colley of the Bangor Police Department overheard a report on his police radio that two men were drinking in a car, bearing the Maine license plate 749CR, and traveling inbound on Ohio Street. Within minutes of hearing this report Colley observed a vehicle bearing that license plate, occupied by two men, traveling inbound on Ohio Street. Colley stopped the vehicle and requested identification from the driver, Fournier. Colley concluded that Fournier was not intoxicated, but cited Fournier for operating after revocation.

[¶ 3] Fournier filed a motion to suppress, asserting, *inter alia*, that Colley lacked a reasonable articulable suspicion justifying the stop. The court (*Kravchuk, J.*) denied the motion. Fournier then entered a conditional guilty plea, preserving for appellate review the denial of his motion to suppress.

[¶ 4] Fournier contends that the outcome of this appeal is dictated by *State v. Nelson*, 638 A.2d 720 (Me.1994). In *Nelson* we found that when an officer observed an individual consume only one beer while sitting in a parked car, and observed nothing indicating impairment on the part of that individual, the officer did not have a legal justification to stop that individual once he drove off. *Id.* at 722. The officer observed nothing indicating "that criminal conduct or a civil violation ha[d] occurred, [was] occurring, or [was] about to occur." *State v. Brown*, 1997 ME 90, ¶ 5, 694 A.2d 453, 455.

[¶ 5] The instant case is distinguishable. Colley overheard a radio report stating that the "two male occupants in [the car] were drinking and it was inbound on Ohio Street." Pursuant to 29–A M.R.S.A. § 2112 (1996) "[a] person who drinks alcohol while operating a motor vehicle on a public way commits a traffic infraction." Therefore, Colley did have a reasonable articulable suspicion that a civil violation had occurred or was occurring, thus justifying a brief investigatory stop of Fournier's vehicle. *Brown*, 1997 ME 90, ¶ 5, 694 A.2d at 455.

[¶ 6] Fournier's other assertions on appeal do not warrant discussion.

The entry is:

Judgment affirmed.