STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
DOCKET NO. CR-07-2176

STATE

v.

ORDER ON MOTION TO SUPPRESS

JACKLYN HOLT,

Defendant

DONALD L. GARBRECHT
LAW LIBRARY

JAN 1 5 2008

Holt is charged with a single count of Operating After Suspension, Class E, 29-A M.R.S.A. §2412A(1-A)(B). The complaint alleges that the operation occurred during a period in which her license was suspended for an Operating Under the Influence conviction. Holt filed a motion to suppress challenging the stop of her vehicle on the date in question.

"An officer is justified in making an investigatory stop if, at the time of the stop: (1) the officer has an 'articulable suspicion' of criminal activity; and (2) such suspicion is 'objectively reasonable in the totality of the circumstances.'" *State v. Lear*, 1998 ME 273, ¶ 5, 722 A. 2d 1266, 1267 (quoting *State v. Brown*, 1997 ME 90, P5, 694 A.2d 453, 455. "The court must find that the officer *actually* entertained the suspicion and that the suspicion was *reasonable* under the circumstances." *Id.* at 1267-68. "[T]he term 'reasonable and articulable suspicion' includes both subjective and objective components. *Id.*

There is a single articulated reason for the stop in this case: The officer stopped Holt because he believed that she made an illegal left hand turn. The officer testified that at 1:30 a.m. on June 20, 2007, he was behind a Ford Explorer traveling down Riverside

Street through the Warren Avenue intersection and approaching the Forest Avenue intersection with Riverside Street. The vehicle pulled away from the officer who increased his vehicle's speed to 45 mph in a 35 mph to keep pace with the Ford Explorer. According to the officer, at the intersection of Riverside Street and Forest Avenue, the Ford Explorer came to a stop, waited approximately thirty seconds, activated its left-hand turn signal, turned left "into the intersection" and waited for the light to turn green and then proceeded to turn left through the intersection. The officer testified that there were two lanes at the intersection but that the left hand turn lane stopped short "quite a ways back" or "several car lengths" from the right hand lane that was for vehicles traveling straight or turning right at the intersection.

At the request of defense counsel, the court viewed the intersection. The court observed that the intersection does indeed have two lanes with one for a left turn and one for proceeding straight or turning right. The left turn lane ends less than one car length before the straight/right lane ends. Both lanes stop before the intersection and at the intersection there are two lines for a crosswalk. At the intersection, there is a traffic control light and signs indicating the two lanes and their proper traffic direction. The traffic control lights contain a specific green light arrow for a left turn.

Comparing the court's observations with the officer's testimony, the court concludes first that the officer's memory of the intersection is not good and what occurred must be other than as testified by the officer. On cross-examination, the officer said that his recollection in his police report was not correct when he reported that she turned her vehicle so that it moved partially out of the straight/right lane and partially left into the space just beyond the end of the left turn lane. However, given the actual layout

A True Copy
Attest: _____
Clerk of Court

of the lanes and the crosswalk at the intersection, the court concludes that the officer's report contains a more accurate recollection of what he observed than his testimony does.

The court concludes second that the officer did not articulate an objectively reasonable suspicion that Holt made an illegal left hand turn. Although failure to observe traffic signals could be a violation that justifies a stop, the officer's belief that a violation occurred was not objectively reasonable where the driver was operating her vehicle safely by waiting at the red light, activating her left-turn signal before turning the vehicle partially into the left lane and waiting for a green light before proceeding through the intersection.

The next issue is whether the fact that the vehicle exceeded the 35 mph speed limit can justify the stop. Although the officer did not stop Holt for speeding and apparently did not cite her for speeding, the Assistant District Attorney argued at the hearing on the motion to suppress that the speed of Holt's vehicle also provides a reasonable, articulable basis for stopping her vehicle. However, the officer did not articulate the vehicle speed as a reason for the stop in his report or during his testimony at the hearing. Clearly, the officer did not believe she was speeding. The court cannot conclude therefore that the officer actually had a reasonable and articulable suspicion that Holt was speeding at the time of the stop. The court must find that the officer *actually had* such a suspicion at the time of the investigatory stop. A finding that *a reasonable person could have had* a reasonable suspicion on the given facts is not *alone* sufficient. A *post hoc* rationalization developed a hearing on a motion to suppress cannot justify an arbitrary stop.



The entry is:

Motion to Suppress is Granted.

December 4, 2007

_____

Joyce A. Wheeler, Justice

A TRUE COPY
Attest _____
Clerk of Courts



A True Copy
Attest.
Clerk of Courts


A True Copy
Attest: Sally A. Bangert
Clerk of Courts


A True Copy
Attest: Sally A. King
Clerk of Court