STATE OF MAINE  
KENNEBEC, ss

RECEIVED AND FILED
2009 APR 29 P 3: 45
CLERK OF COURTS

SUPERIOR COURT  
CRIMINAL ACTION  
DOCKET NO. CR-08-728

STATE OF MAINE

v.

ORDER ON MOTION TO SUPPRESS

BRENWIN SOUCIE,

Defendant

The defendant seeks to suppress evidence obtained as a result of the stop of his motor vehicle. The defendant argues that the stop was unlawful. For the following reasons, the motion is denied.

FINDINGS OF FACT

The findings of fact made on the record at the conclusion of the hearing are incorporated into this order by reference.

CONCLUSIONS

"An encounter between a member of law enforcement and a citizen will implicate the protections of the Fourth Amendment only if the encounter constitutes a seizure of the citizen." State v. Gulick, 2000 ME 170, ¶ 10, 759 A.2d 1085, 1087. An officer may detain a citizen only when "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." State v. Dulac, 600 A.2d 1121, 1122 (Me. 1992) (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)). Brief intrusions based upon reasonable and articulable safety concerns or suspicion that the defendant has committed a crime or a traffic infraction are reasonable and do not violate the Fourth Amendment. Gulick, 2000 ME 170, ¶ 13, 759 A.2d at 1088.

When the officer approached the defendant's vehicle, he had a "clearly articulated and objectively reasonable concern" for the occupant's safety. Id. ¶ 14, 759

1

A.2d at 1088. When the operator opened his eyes and sat upright, the officer's immediate safety concerns were solved. Immediately upon the operator's rolling down the window, the officer smelled the odor of alcoholic beverages and asked for the defendant's license at the same time. The request for the operator's license was a "minimal further intrusion" that was appropriate. Id. ¶ 15, 759 A.2d at 1089.

The facts of this case differ from those of State v. Patterson, on which the defendant relies. State v. Patterson, 2005 ME 26, 868 A.2d 188. Patterson focused on whether the officer's actions constituted a seizure; the State agreed that the officer did not have the requisite articulable suspicion to detain the defendant when the officer approached the vehicle. Id. ¶ 9, 868 A.2d at 191. In this case, as in Gulick, the officer's initial contact was based on an articulable concern for the occupant's safety. The "entire course of the officer's actions were limited in scope and reasonable in relation to the circumstances that initiated the contact." Gulick, 200 ME 70, ¶ 11, 759 A.2d at 1088 n.6; see also State v. Huether, 2000 ME 59, ¶ 6, 748 A.2d 993, 995.

The entry is

The Defendant's Motion to Suppress is DENIED.

Date: April 29, 2009

Nancy Mills
Justice, Superior Court

STATE OF MAINE
  vs
BRENWIN G SOUCIE
102 BANGOR ST
AUGUSTA ME 04332

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2008-00728

**DOCKET RECORD**

DOB: 05/15/1985
Attorney: DARRICK BANDA
        DANIEL G LILLEY LAW OFFICE
        39 PORTLAND PIER
        PO BOX 4803
        PORTLAND ME 04112
        RETAINED 07/01/2008

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 08/26/2008

Major Case Type: MISDEMEANOR (CLASS D,E)

## Charge(s)

1   OPERATING UNDER THE INFLUENCE        03/14/2008 READFIELD
Seq 9878   29-A   2411(1-A)(A)      Class D
  CHARETTE           / MSP

## Docket Events:

09/12/2008 Charge(s): 1
       TRANSFER -   TRANSFER FOR JURY TRIAL EDI ON 09/12/2008 @ 18:00

       TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR200802011
       FILING DOCUMENT -   CRIMINAL COMPLAINT FILED ON 08/26/2008

       Charge(s): 1
       HEARING -   ARRAIGNMENT SCHEDULED FOR 09/03/2008 @ 10:00 in Room No.   1

       NOTICE TO PARTIES/COUNSEL
       Charge(s): 1
       HEARING -   ARRAIGNMENT WAIVED ON 09/03/2008

       Party(s): BRENWIN G SOUCIE
       ATTORNEY -   RETAINED ENTERED ON 07/01/2008

       Attorney: DARRICK BANDA
       Charge(s): 1
       PLEA -   NOT GUILTY ENTERED BY COUNSEL ON 09/03/2008

       Charge(s): 1
       MOTION -   MOTION TO SUPPRESS FILED BY DEFENDANT ON 07/01/2008

       Charge(s): 1
       TRANSFER -   TRANSFER FOR JURY TRIAL REQUESTED ON 07/01/2008

       Charge(s): 1
       FINDING -   TRANSFER FOR JURY TRIAL TRANSFERRED ON 09/12/2008

       AUGSC

09/18/2008 Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL RECVD BY COURT ON 09/15/2008

AUGDC-CR-08-2011
09/18/2008 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 11/13/2008 @ 8:30

NOTICE TO PARTIES/COUNSEL
09/18/2008 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 09/18/2008

11/17/2008 HEARING - MOTION TO SUPPRESS CONTINUED ON 11/13/2008

11/17/2008 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/07/2009 @ 8:30

NOTICE TO PARTIES/COUNSEL
12/31/2008 MOTION - MOTION TO CONTINUE FILED BY STATE ON 12/31/2008

12/31/2008 MOTION - MOTION TO CONTINUE GRANTED ON 12/31/2008
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
12/31/2008 HEARING - MOTION TO SUPPRESS CONTINUED ON 12/31/2008

12/31/2008 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 03/05/2009 @ 8:30

NOTICE TO PARTIES/COUNSEL
02/26/2009 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 02/26/2009

03/04/2009 MOTION - MOTION TO CONTINUE GRANTED ON 03/04/2009
JOSEPH M JABAR , JUSTICE
COPY TO PARTIES/COUNSEL
03/04/2009 HEARING - MOTION TO SUPPRESS CONTINUED ON 03/04/2009

03/04/2009 Charge(s): 1
HEARING - MOTION TO SUPPRESS SCHEDULED FOR 04/07/2009 @ 9:15

NOTICE TO PARTIES/COUNSEL
04/03/2009 Charge(s): 1
HEARING - MOTION TO SUPPRESS CONTINUED ON 04/03/2009

04/29/2009 Charge(s): 1
HEARING - MOTION TO SUPPRESS HELD ON 04/08/2009
NANCY MILLS , JUSTICE
Reporter: TAMMY DROUIN
Defendant Present in Court
04/29/2009 Charge(s): 1
MOTION - MOTION TO SUPPRESS DENIED ON 04/29/2009
NANCY MILLS , JUSTICE
COPY TO PARTIES/COUNSEL
04/29/2009 Charge(s): 1
TRIAL - DOCKET CALL SCHEDULED FOR 06/02/2009

A TRUE COPY
ATTEST: _____ _____

Clerk