Cordy, J.
(dissenting, with whom Spina, J., joins). “An Act establishing a sensible State marijuana policy,” codified at G. L. c. 94C, §§ 321L-32N, did not legalize the possession of marijuana; it merely decriminalized the possession of small amounts. See Commonwealth v. Cruz, 459 Mass. 459, 464 (2011). Such possession remains a civil offense and, as with other civil offenses, subjects the offender to a civil penalty and forfeiture of the marijuana. G. L. c. 94C, § 32L.
The novel issue presented here is whether reasonable suspicion of a civil marijuana violation occurring in a motor vehicle is *779 sufficient to justify stopping the motor vehicle for purposes of confirming or dispelling that suspicion and, if necessary, for purposes of issuing a citation.[1] The court, after employing a balancing test weighing the level of intrusion of a motor vehicle stop against the legitimate governmental interest at stake in the enforcement of the marijuana laws, concludes that reasonable suspicion is not sufficient to justify such a stop. For the reasons set forth below, I respectfully dissent.
It is undisputed that a motor vehicle stop conducted by a police officer constitutes a seizure for purposes of both the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights. See Commonwealth v. Rodriguez, 430 Mass. 577, 579 (2000), citing Michigan Dep’t of State Police v. Sitz, 496 U.S. 444, 450 (1990). It is well settled, however, that reasonable suspicion that a civil traffic offense has been committed is constitutionally sufficient to justify a motor vehicle stop. See Delaware v. Prouse, 440 U.S. 648, 663 (1979) (officer must have “at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that the vehicle or an occupant is otherwise subject to seizure for violation of law”); Commonwealth v. Washington, 459 Mass. 32, 39 & n.14 (2011) (“officer’s reasonable suspicion of a possible, but unconfirmed, motor vehicle violation sufficiently justifies an investigatory traffic stop in order to verify or dispel that suspicion”). See also Commonwealth v. Baez, 47 Mass. App. Ct. 115, 118 (1999) (reasonable suspicion that window is illegally tinted sufficient to justify stopping motor vehicle to ascertain whether civil violation had occurred). In my view, there is no constitutionally based reason to distinguish stops for civil marijuana violations (occurring in motor vehicles) from stops for civil motor vehicle violations. Reasonable suspicion of a civil violation is enough.
The court, however, concludes that a detailed balancing inquiry is required when a motor vehicle stop is conducted in the absence of probable cause. The cases on which the court relies in support *780 of this conclusion, however, concern police activities conducted without any individualized suspicion. For example, Prouse, 440 U.S. at 650-651, concerned the constitutionality of a motor vehicle stop that was conducted without any suspicion of a traffic or equipment violation, solely to check the driver’s license and automobile registration. In determining the stop’s reasonableness, the Supreme Court employed a balancing inquiry because the officers possessed no individualized suspicion of criminal wrongdoing. See id. at 654-659.
Likewise, the central issue addressed by the Supreme Court in Whren v. United States, 517 U.S. 806, 810 (1996), was not the quantum of proof necessary to effectuate a motor vehicle stop for a traffic violation, but whether the (allegedly racial) subjective motivation of the police officer conducting the motor vehicle stop was relevant to the stop’s reasonableness. The Court declined to engage in a detailed balancing inquiry to determine the stop’s reasonableness, concluding that such balancing is not necessary when a motor vehicle stop is conducted with individualized suspicion, id. at 817-819, in that case, probable cause to believe a civil motor vehicle infraction had occurred. Id. at 819. Here, there is also individualized suspicion, albeit at least reasonable suspicion.[2]
Finally, the court relies on Commonwealth v. Rodriguez, 430 Mass. 577, 580-581 (2000), to support its balancing inquiry. The Rodriguez case, however, addressed the constitutionality of a police roadblock set up for the purpose of interdicting illegal drugs. Id. at 585-586. This court noted that except for a few narrowly defined public safety intrusions, a police officer must possess at least reasonable suspicion to justify a motor vehicle stop. Id. at 580, quoting United States v. Huguenin, 154 F.3d 547, 553 (6th Cir. 1998). Again, a motor vehicle stop conducted as part *781 of a suspicionless roadblock is markedly different from a motor vehicle stop made on reasonable suspicion of a civil marijuana violation.
In my view, no detailed balancing of interests is necessary where this court has already recognized that reasonable suspicion of a civil motor vehicle infraction is sufficient to justify an investigatory stop for purposes of confirming or dispelling that suspicion. See Washington, 459 Mass. at 39 & n.14. “[T]he reasonableness standard usually requires, at a minimum, that the facts upon which an intrusion is based be capable of measurement against ‘an objective standard,’ whether this be probable cause or a less stringent test” (footnotes omitted). Prouse, 440 U.S. at 654. That standard is met here and standing alone should be sufficient to justify an investigatory stop for the purpose of confirming a civil violation of the marijuana laws and issuing a citation just as reasonable suspicion of a civil traffic violation justifies such a stop. See, e.g., People v. Brown, 62 Cal. App. 4th 493, 496-497 (1998) (officer may stop individual suspected of violating California vehicle code in order to issue citation); State v. Brown, 694 A.2d 453, 453 (Me. 1997) (“In order to support a brief investigatory stop of a motor vehicle, ... a police officer must have an articulable suspicion that criminal conduct or a civil violation has occurred, is occurring, or is about to occur ...”); State v. Colstad, 260 Wis. 2d 406, 414-415, cert. denied, 540 U.S. 877 (2003) (reasonable suspicion that driver violated traffic ordinance justified investigatory stop). The stop is investigative in nature, and its purpose is merely to confirm or dispel the officer’s suspicion that a civil marijuana violation has occurred.[3]
The court goes on to opine that because a civil marijuana violation generally has no bearing on traffic and automobile safety, a motor vehicle stop to enforce that law is different from *782 a motor vehicle stop for purposes of enforcing the civil traffic laws, and, consequently, in the court’s balance inquiry, probable cause rather than reasonable suspicion is necessary to justify such a stop. While it may be true that not all civil marijuana violations have an impact on automobile safety, to the extent that such a consideration is of any constitutional relevance, it seems also true that civil marijuana violations occurring in motor vehicles do implicate concerns regarding traffic and automobile safety.[4] Indeed, sending and receiving electronic messages has no bearing on traffic and automobile safety when done in a park. When done while operating a motor vehicle, however, it presents enough of a safety risk that it is now prohibited by law. See G. L. c. 90, § 13B.[5]
Finally, the court concludes not only that probable cause is necessary, but also that probable cause can be established only if the police officer actually sees the illegal use of marijuana. To my knowledge, we have not in the past concluded that probable cause can only be established in this manner. See, e.g., Washington, 459 Mass. at 40 (although officer did not actually see defendant riding in motor vehicle without seat belt, officer had probable cause sufficient to issue citation where defendant was not wearing seat belt very shortly after traffic stop).
For these reasons, I respectfully dissent.

It is important to note that in order to issue a citation for a civil traffic violation, an officer must possess at least probable cause. See Commonwealth v. Washington, 459 Mass. 32, 39 & n.14 (2011). This, however, does not mean that an officer must have probable cause to stop a person suspected of a civil traffic violation. Rather, “an officer’s reasonable suspicion of a possible, but unconfirmed, motor vehicle violation sufficiently justifies an investigatory traffic stop in order to verify or dispel that suspicion.” Id. at 39 n.14.

In my view, there is also probable cause. Our jurisprudence in Commonwealth v. Garden, 451 Mass. 43, 48 (2008), remains relevant and instructive. In that case, we concluded that the “odor of marijuana is sufficiently distinctive that it alone can supply probable cause to believe that marijuana is nearby.” Id. Nothing has occurred that warrants a reconsideration of this common-sense conclusion. What has occurred is a change in the law making the possession of small amounts of marijuana a civil rather than criminal offense. That there is probable cause to believe some amount of marijuana is nearby remains logical and really beyond debate. The notion of someone having marijuana odor on their clothes (and none in their possession) remains possible — but does not defeat probable cause. Indeed, the odor of marijuana streaming out of a moving vehicle seems totally inconsistent with the court’s hypothetical scenario.

It is important to note that the authority to stop only extends to confirming or dispelling the officer’s suspicion. As this court has recognized, the smell of burnt or unburnt marijuana does not establish probable cause for purposes of arrests, see Commonwealth v. Cruz, 459 Mass. 459, 472-476 (2011); searches, see Commonwealth v. Craan, 469 Mass. 24, 35 (2014); and exit orders, see Cruz, supra at 472, 476. Thus, in order for an officer to go any further than issuing a civil marijuana citation, the officer must possess some additional reasonable suspicion or probable cause of criminal activity. See Cruz, supra at 472. See also Commonwealth v. Daniel, 464 Mass. 746, 752 (2013) (“Absent articulable facts supporting a belief that either occupant of the vehicle possessed a criminal amount of marijuana, the search was not justified by the need to search for contraband”).

This is not to say that the smell of marijuana alone is sufficient to establish either reasonable suspicion or probable cause that an individual is driving under the influence of marijuana in violation of G. L. c. § 24 (1) (a) (1). See Daniel, 464 Mass. at 756 (smell of burnt marijuana without any indication that driver’s capacity to operate motor vehicle was impaired not sufficient basis for belief driver was operating while under the influence). Nevertheless, Daniel is distinguishable: the officer smelled “freshly burnt” marijuana (which could have been attributable to previous use at a party) when he approached the stopped vehicle. Id. at 749. Here, the officer detected the odor of burnt marijuana emanating from a moving vehicle.

It is also not clear under the court’s analysis whether reasonable suspicion of a civil marijuana violation would be sufficient for stopping a pedestrian for purposes of confirming or dispelling that suspicion and issuing a citation if confirmed.