STATE OF MAINE                          UNIFIED CRIMINAL COURT
CUMBERLAND, SS.                         DOCKET NO. CR-16-1102

STATE OF MAINE           )

2016 JUL 18  AM 11 46    )
                         )
                         )
        v.               )          ORDER ON DEFENDANT'S
                         )          MOTION TO SUPPRESS
                         )
                         )
MATTHEW ROUSSEAU         )
                         )
                         )

This matter came before the Court on Defendant's Motion to Suppress, specifically, whether Officer Armstrong had a reasonable, articulable suspicion to make the investigatory stop, which lead to a battery of field-sobriety tests and ultimately to the charges contained in the Complaint. For the following reasons, the Defendant's Motion to Suppress is denied.

Under *Terry v. Ohio*, 392 U.S. 1 (1968), "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry*, 392 U.S. at 30). The officer must have at the time of the stop (1) an "articulable suspicion" of criminal activity; and (2) such suspicion is "objectively reasonable in the totality of the circumstances." *State v. Brown*, 1997 ME 90, P5, 694 A.2d 453, 455. Therefore, an analysis of the propriety of an investigatory detention short

of formal arrest necessarily involves both a subjective component (i.e., actual articulable suspicion) and an objective component (i.e., reasonable suspicion). *See id.*

Officer Michael Armstrong of the South Portland Police Department testified at the suppression hearing. Officer Armstrong stated that he observed a vehicle traveling in the opposite direction of travel at approximately 1:25 a.m. with one headlight out crossing Veteran's Memorial Bridge. Officer Armstrong turned his cruiser around to follow that vehicle. The vehicle operated by Defendant came between Armstrong and the vehicle with the malfunctioning headlight. Officer Armstrong observed and the cruiser-cam video admitted as State's Exhibit 1 confirms, Defendant's vehicle was weaving, touching the fog line more than once. As Officer Armstrong attempted to pass Defendant to his left, Defendant's vehicle drifted left over the centerline toward Officer Armstrong's cruiser, causing Armstrong to swerve in a successful attempt to avoid contact. As Officer Armstrong slowed and pulled behind Defendant, Defendant moved from the exit lane over a solid line into the travel lane. Officer Armstrong ultimately made an investigatory stop based on these observations.

Officer Armstrong's testimony and the video footage contained in State's Exhibit 1, establishes clearly that the stop was grounded on a articulable suspicion that was objectively reasonable under the circumstances. Defendant's weaving and then nearly making contact with Officer Armstrong as Defendant's vehicle weaved in the opposite direction over the centerline, amply supports Officer Armstrong's subjective articulable suspicion and that suspicion was objectively reasonable.

Defendant's motion to suppress evidence is denied.

The Clerk is directed to enter this Order on the unified criminal docket by reference pursuant to Maine Rule of Unified Criminal Procedure 53(a).


Date: July 11, 2016

Lance E. Walker
Justice, Superior Court