STATE OF MAINE
KENNEBEC, SS.

UNIFIED CRIMINAL DOCKET
AUGUSTA
DOCKET NOS. CR-2016-2658

STATE OF MAINE

V.

**ORDER ON MOTION TO SUPPRESS**

CHRISTOPHER WILSON

## INTRODUCTION

The matter before the court is the Defendant's motion to suppress evidence seized from his travel bag on October 22, 2016 after he and a companion arrived at the bus terminal in Augusta. An evidentiary hearing on the motion was held on February 28, 2017 at which Officer Matthew Estes of the Augusta Police Department testified. Based on the evidence presented at the hearing, and after consideration of he parties' written submissions, the court makes the following factual findings.

## FACTS

On October 22, 2016 Officer Estes came to his office to follow up on information he had received from another law enforcement officer concerning heroin and crack cocaine being brought to Augusta from Albany, New York. Specifically, Detective Provost of the Lewiston Police Department had called Estes and told him that he (Provost) had received information from a former confidential informant who had provided reliable information in the past, that two men from Albany, New York were coming to Augusta bringing heroin and crack cocaine.

The informant stated that one of the men was named "Alan." The other man was referred to as Alan's "main man," but no other information concerning him

was provided. Det. Provost sent Officer Estes a photograph of the man described as Alan. The informant told Provost that the two men would be arriving in Augusta between 8 and 9 pm that night and would be traveling by bus. Officer Estes was aware that there is only one bus terminal in Augusta. He checked with the bus lines (Concord and Greyhound) and learned that a bus originating in Albany was scheduled to arrive in Augusta at 8:20 pm that night (October 22, 2016).

Shortly after 8:00 pm that night, Estes went to the bus terminal. At approximately 8:30 pm he saw a Greyhound bus arrive. He watched as only two people (2 men) disembarked. Officer Estes was immediately able to identify one of the men as "Alan" from the photograph Det. Provost had sent him. The second man would later be identified as the Defendant. Estes watched as the two men were talking to each other and he was able to hear Alan say something to the effect of looking for "our ride."

Estes approached and asked if the man was Alan. The man confirmed that he was and reached out to shake the officer's hand (Estes was in plain clothes), and later told Estes that he thought he was their ride. Although Estes was the only officer present at the time, he had been in communication with the Maine State Police canine unit, and a trooper with a drug sniffing dog, as well as other Augusta Police officers arrived at the terminal within minutes.

The two men were separated and asked to put their bags down, which they did. The dog "indicated" on the bags and on both men. Following the dog sniff, Officer Estes asked the men if they would consent to a search of their bags, and they both agreed.[1] Inside the Defendant's bag the officer found a bag of rice, which contained material that field-tested positive for heroin and crack cocaine.

---

[1] The Defendant has not challenged the validity of his consent.

2

Officer Estes acknowledged during his testimony that when he approached the two men, separated them and subjected their bags to a canine sniff, he had detained them and they were not free to leave.

## DISCUSSION

The Defendant contends that Officer Estes unlawfully detained him at the bus station because the officer lacked reasonable, articulable suspicion for the detention. "A law enforcement officer can permissibly detain a citizen when 'specific and articulable facts which, taken together was rational inferences from those facts, reasonably warrant that intrusion.'" *State v. Gerry,* 2016 ME 163, ¶ 12, 150 A.3d 810 *citing and quoting State v. Dulac,* 600 A.2d 1121, 1122 (Me. 1992) *and Terry v. Ohio,* 392 U.S. 1, 21 (1968). A warrantless detention, i.e., seizure, will be unreasonable unless the officer has "objectively reasonable, articulable suspicion that criminal conduct has taken place, is occurring, or will imminently occur." *State v. LaPlante,* 2011 ME 85, ¶ 8, 26 A.3d 337.

The court concludes that Officer Estes had ample specific and articulable factual information supporting his detention of the Defendant on October 22, 2016. Estes received detailed information from a fellow law enforcement officer that a previously reliable confidential source stated that two men would be arriving by bus in Augusta that night (10/22/16) between 8 and 9 pm, bringing with them heroin and crack cocaine. The informant identified the two men as "Alan" and his "main man." Officer Estes was provided with a photograph of Alan, which was sent to him by Det. Provost. The informant also said that the two men would be traveling from Albany, New York.

Officer Estes contacted the only bus terminal in Augusta to determine if any bus was scheduled to arrive from Albany, and was able to confirm that such a bus was scheduled to arrive at 8:20 pm. Estes went to the station and saw the bus arrive at approximately 8:30 pm. He watched as two men got off the bus and using

the photograph from Det. Provost, he immediately identified one of the men as Alan. The officer was close enough to the two men that he could hear them talking with each other about their ride. When Officer Estes approached and asked if the man was Alan, the man responded in the affirmative.

Based upon the foregoing, the court finds that the officer possessed factual information that was quite specific and clearly articulable that supported an objectively reasonable suspicion that Alan and his traveling companion (the Defendant) were transporting heroin and crack cocaine into Maine and Augusta. The officer's warrantless detention of the Defendant that included a canine sniff of his person and his bag was, therefore, permissible.[2]

## CONCLUSION

The entry is:

Defendant's Motion to Suppress is DENIED.

Dated: April 18, 2017

William R. Stokes
Justice, Superior Court

---

[2] The United States Supreme Court has held that a canine sniff is not a search within the meaning of the 4th Amendment. *United States v. Place*, 462 U.S. 696, 707 (1983).

4

STATE OF MAINE
  vs
CHRISTOPHER  WILSON
1008 GRISWELL HTS
TROY NY 12180

CRIMINAL DOCKET
KENNEBEC, ss.
Docket No  KENCD-CR-2016-02658

**DOCKET RECORD**

DOB: 08/02/1972
Attorney: RONALD BOURGET                    State's Attorney: TYLER LECLAIR
          LAW OFFICES OF RONALD W BOURGET
          185 STATE ST
          AUGUSTA ME 04330-6407
          APPOINTED 10/26/2016

Filing Document: CRIMINAL COMPLAINT          Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 10/24/2016

## Charge(s)

**1   AGGRAVATED  TRAFFICKING  OF  SCHEDULED  DRUGS   10/22/2016 AUGUSTA**
**Seq 8555   17-A  1105-A(1)(B)(1)        Class  A**
   **ESTES                  / AUG**

**2   AGGRAVATED  TRAFFICKING  OF  SCHEDULED  DRUGS   10/22/2016 AUGUSTA**
**Seq 8555   17-A  1105-A(1)(B)(1)        Class  A**
   **ESTES                  / AUG**


## Docket Events:

10/24/2016 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 10/24/2016

10/24/2016 Charge(s): 1,2
           HEARING -  INITIAL APPEARANCE SCHEDULED FOR 10/24/2016 at 01:00 p.m. in Room No.  1

           NOTICE TO PARTIES/COUNSEL
10/24/2016 Charge(s): 1,2
           HEARING -  INITIAL APPEARANCE HELD ON 10/24/2016
           M MICHAELA MURPHY , JUSTICE
           Defendant Present in Court
10/24/2016 Charge(s): 1,2
           PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 10/24/2016

10/24/2016 BAIL BOND - $50,000.00 CASH BAIL BOND SET BY COURT ON 10/24/2016
           M MICHAELA MURPHY , JUSTICE
           CASH BAIL; NO U/P OF ALCOHOLIC BEVERAGES/ILLEGAL DRUGS SEARCH ANYTIME W/O AS OR PC; NO D/I
           CONTACT W/ ALLAN NUNNALLY AND NOT TO ENTER ANY R/E/E; MAY BE REVIEWED
10/24/2016 BAIL BOND -  CASH BAIL BOND COMMITMENT ISSUED ON 10/24/2016
           M MICHAELA MURPHY , JUSTICE
10/24/2016 BAIL BOND -  CASH BAIL BOND COND RELEASE ISSUED ON 10/24/2016
           M MICHAELA MURPHY , JUSTICE
10/24/2016 Charge(s): 1,2
           HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 01/17/2017 at 08:30 a.m. in Room No.  1

10/25/2016 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 10/24/2016

10/26/2016 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/25/2016

ERIC WALKER , JUDGE
COPY TO PARTIES/COUNSEL
10/26/2016 Party(s): CHRISTOPHER WILSON
ATTORNEY - APPOINTED ORDERED ON 10/26/2016


Attorney: RONALD BOURGET
10/26/2016 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 10/26/2016


12/22/2016 Charge(s): 1,2
SUPPLEMENTAL FILING - INDICTMENT FILED ON 12/21/2016


12/22/2016 Charge(s): 1,2
HEARING - ARRAIGNMENT SCHEDULED FOR 01/17/2017 at 08:30 a.m. in Room No. 1


12/27/2016 Charge(s): 1,2
HEARING - ARRAIGNMENT NOTICE SENT ON 12/27/2016


01/10/2017 LETTER - FROM PARTY FILED ON 01/09/2017


LETTER REQUESTING A DIFFERENT ATTY. SENT COPY TO ATTY BOURGET
01/17/2017 Charge(s): 1,2
HEARING - ARRAIGNMENT HELD ON 01/17/2017 in Room No. 1
PAUL MATHEWS , JUDGE
Attorney: DARRICK BANDA
DA: TYLER LECLAIR
Defendant Present in Court


DEFENDANT INFORMED OF CHARGES.
01/17/2017 Charge(s): 1,2
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 01/17/2017


Defendant Present in Court
01/17/2017 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE HELD ON 01/17/2017 in Room No. 1
PAUL MATHEWS , JUDGE
Attorney: DARRICK BANDA
DA: TYLER LECLAIR
Defendant Present in Court
01/17/2017 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 03/08/2017 at 09:30 a.m. in Room No. 1


01/18/2017 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 01/18/2017


01/18/2017 Charge(s): 1,2
HEARING - MOTION TO SUPPRESS SCHEDULED FOR 02/28/2017 at 08:30 a.m. in Room No. 1


NOTICE TO PARTIES/COUNSEL
01/18/2017 Charge(s): 1,2
HEARING - MOTION TO SUPPRESS NOTICE SENT ON 01/18/2017


03/07/2017 Charge(s): 1,2

TRIAL - DOCKET CALL NOT HELD ON 03/07/2017

03/08/2017 Charge(s): 1,2
HEARING - MOTION TO SUPPRESS HELD ON 02/28/2017
WILLIAM STOKES , JUSTICE
Attorney: DARRICK BANDA
DA: TYLER LECLAIR
03/08/2017 CASE STATUS - DECISION UNDER ADVISEMENT ON 02/28/2017
WILLIAM STOKES , JUSTICE
MOTION TO SUPPRESS                                                    BRIEFS TO BE
FILED
03/08/2017 TRIAL - DOCKET CALL SCHEDULED FOR 04/05/2017 at 08:45 a.m. in Room No. 1

03/17/2017 OTHER FILING - OTHER DOCUMENT FILED ON 03/17/2017

STATES MEMO IN REGARD TO THE DEF MOTION TO SUPPRESS
03/27/2017 TRIAL - DOCKET CALL NOTICE SENT ON 03/27/2017

03/30/2017 Charge(s): 1,2
SUPPLEMENTAL FILING - INDICTMENT FILED ON 03/23/2017

03/30/2017 Charge(s): 1,2
HEARING - ARRAIGNMENT SCHEDULED FOR 04/05/2017 at 08:45 a.m. in Room No. 1

03/31/2017 Charge(s): 1,2
HEARING - ARRAIGNMENT NOTICE SENT ON 03/31/2017

04/05/2017 Charge(s): 1,2
HEARING - ARRAIGNMENT CONTINUED ON 04/05/2017
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court
04/05/2017 TRIAL - DOCKET CALL CONTINUED ON 04/05/2017
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court
04/05/2017 Charge(s): 1,2
HEARING - ARRAIGNMENT SCHEDULED FOR 05/03/2017 at 09:00 a.m. in Room No. 1

04/05/2017 Charge(s): 1,2
TRIAL - DOCKET CALL SCHEDULED FOR 05/03/2017 at 09:00 a.m. in Room No. 1

04/19/2017 Charge(s): 1,2
MOTION - MOTION TO SUPPRESS DENIED ON 04/19/2017
WILLIAM STOKES , JUSTICE
COPY TO PARTIES/COUNSEL
04/19/2017 ORDER - COURT ORDER FILED ON 04/18/2017
WILLIAM STOKES , JUSTICE
ORDER ON MOTION TO SUPPRESS- MOTION TO SUPPRESS IS DENIED

A TRUE COPY
ATTEST: _____
                    Clerk