STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CRIMINAL ACTION
                                                  Docket No.   CR-17-20968

STATE OF MAINE

v.                                               **ORDER ON DEFENDANT'S**
                                                 **MOTION TO SUPPRESS**
ALLYSON C. POW

Before the court is defendant's motion to suppress field sobriety tests and subsequent investigative procedures resulting in a charge of operation of a motor vehicle while impaired from the use of intoxicants. On April 7, 2017, at 11:05 PM, an officer of the Waterville Police Department operating radar stopped a vehicle on North Street that was speeding at 42 mph in a 25 mph zone. After activating her emergency lights, the officer fell in behind the defendant who stopped her vehicle without delay or incident.

After the preliminary examination of appropriate documents, the officer asked the defendant if she had had anything to drink. The defendant Pow responded that she had had "two drinks." The officer recalled the drinks to be beer. The officer did not observe any indications of drinking or impairment while the defendant was in her vehicle with the window open. Nevertheless, the officer directed the defendant to get out of her vehicle for purposes of administering field sobriety tests.

It is this direction by the officer for the driver to remove herself from the vehicle that is challenged by the defendant on Constitutional grounds. At the time the direction was given the officer had made no observations of the defendant to indicate the results of her drinking. There were no blood-shot eyes, there was no odor of alcoholic beverage,

AUGUSTA COURTS
JAN 24 '18 AM 10:39

In *State v. Nelson*, 638 A.2d 720, the officer observed the defendant drinking a can of beer while sitting in a stopped vehicle. After consuming the beer, the officer stopped the defendant when the defendant started to drive for purposes of investigation of impairment. The court held that the mere observation of the defendant drinking a can of beer was insufficient to justify the stop.

In order to justify an officer's actions, the police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur. The officer's suspicion that any of these circumstance exist must be "objectively reasonable in the totality of the circumstances". *State v. Sylvain*, 2003 ME 5, citing *State v. Nelson*, 638 A.2d 720, 722; *State v. Dulac*, 600 A.2d 1121, 1122 (Me. 1992). The nature of the detaining officer's subjective suspicion and the nature of the observations upon which that suspicion is based are questions of fact, citing *State v. Fillion*, 474 A.2d 187. Whether an officer's suspicion is objectively reasonable is a pure question of law.

The *Sylvain* Court went further and made the observation that *Nelson's* conclusion that the mere admission to previously drinking alcohol by a person operating a vehicle is insufficient to give a law enforcement official authority to request a further brief intrusion into the driver's life through the performance of field sobriety tests is incorrect and arises from an intermingling of the separate concepts of legality and articulable suspicion. While it may not be a crime solely to consume an alcoholic beverage and then operate a motor vehicle, it is a crime to operate while impaired. Thus, the officer in a roadside stop is not focused on whether the operator was legally entitled to consume

3

alcohol before operating the vehicle, but whether that consumption has resulted in any level of impairment. An officer deciding whether or not to ask an operator to demonstrate that the operator is not impaired in any way by the consumption of alcohol or drugs need only entertain a reasonable suspicion that impairment may exist.

The Court goes on to say the "standard for the brief roadside intrusion balances the driver's right to be free from excessive restraint by the State against the public's right not to be placed at risk by the criminal action of impaired driving." *Sylvain* 2003 at ¶ 17. This resulted in the officer's objectively reasonable conclusion to entertain the suspicion that the driver may be impaired by the alcohol. In spite of this language, the *Sylvain* court had an observation by the officer of bloodshot eyes in the defendant.

There is no challenge to the stop of the vehicle by the officer as a routine speeding stop for purposes of enforcement of the speeding law. At the time the officer approached Ms. Pow's vehicle, she had no basis for a suspicion that the driver might be impaired. She relied solely on the admission by the defendant of consuming two drinks upon the officer's inquiry, "Have you had anything to drink?" She made no observations of the defendant to even indicate whether the defendant had anything to drink at all, or even some effects to her senses, her mental or physical faculties.

Thus, the issue before this court is whether the mere admission of consuming two drinks is sufficient to create an objectively reasonable, articulable suspicion that the operator was impaired sufficient to justify her removal from the vehicle for purposes of field sobriety tests. The officer's suspicion in this case was mere

4

speculation. 1 As *Sylvain* purports to clarify the *Nelson* conclusion saying that the mere admission to previously have been drinking alcohol is sufficient to give law enforcement officials authority to request further intrusion into the driver's life for the performance of field sobriety tests, it fails to observe the presence of bloodshot eyes, present in *Sylvain* but not present in *Nelson*.

The entry will be:

Plaintiff's motion to suppress is GRANTED.

The clerk may enter this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: January 19, 2018

Donald H. Marden
Superior Court Justice

---

1 Consider a person going to a restaurant and having an alcoholic drink before dinner. Upon a lawful stop, with no other indicia of improper operation, does the admission of having a drink create a reasonable suspicion of impairment?

5