### STATE of Maine

### v.

### Malcolm CUSHING.

Supreme Judicial Court of Maine.

Submitted on briefs Jan. 10, 1992.

Decided Feb. 12, 1992.

Michael Povich, Dist. Atty., Laura Yustak Smith, Asst. Dist. Atty., Machias, for state.

Dennis Mahar, Fletcher & Foster, Calais, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

WATHEN, Justice.

Defendant Malcolm Cushing appeals his convictions and sentences in the Superior Court (Washington County, *Silsby, J.*) for operating under the influence of intoxicating liquor and operating a motor vehicle after being defined an habitual offender. Defendant alleges error in the denial of his motion to suppress, the admission of identification testimony, and the imposition of the mandatory sentence contained in 29 M.R.S.A. § 2298(2) (Supp.1990). We affirm the convictions, but remand for reconsideration of the sentences.

Defendant was arrested in the driveway of his home after an off-duty police officer had seen him in a visibly intoxicated state getting into his car and driving toward Eastport. Officer Theriault of the Eastport Police Department, upon receipt of this information, had followed defendant to his home. Although he observed no irregularities in defendant's driving, once defendant's vehicle pulled into the driveway, the officer observed defendant slide over to the passenger side of the vehicle. Defendant had trouble getting out of the car and had to be supported by Officer Theriault, who noticed the odor of alcohol and defendant's bloodshot eyes. The Superior Court (*Beaulieu, J.*) denied defendant's motion to suppress the evidence resulting from the stop.

■ Defendant first argues that the officer did not have articulable suspicion to stop him in his driveway. The facts supporting an investigatory search need not be based on the officer's personal observations, but can be provided by an informant if the information carries sufficient "indicia of reliability." *See Adams v. Williams*, 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972); *State v. Hasenbank*, 425 A.2d 1330, 1333 (Me.1981). Here, the information came from an off-duty police officer who, due to his training, was familiar with the signs of intoxication. Officer Theriault therefore had reason to believe at the time he pulled into the driveway that the driver had been operating under the influence. Additionally, the defendant's evasive actions as the officer approached the vehicle gave rise to a heightened suspicion warranting investigation. The totality of the information available to the officer therefore justified the stop of the defendant. *See Hasenbank*, 425 A.2d at 1333.

■ Defendant next contends that the court abused its discretion by allowing Police Chief Moore, who had assisted Officer Theriault, to testify, because his name was not provided to defendant as an identification witness pursuant to M.R.Crim.P. 16(a).[1] The court, however, may choose from a number of sanctions for violation of the automatic discovery rule, including prohibiting the introduction of the undiscovered testimony. M.R.Crim.P. 16(d). The record does not support defendant's contention that he was unfairly surprised by Chief Moore's testimony. The testimony of the out-of-court identification was corroborative in nature, and defendant was fully aware of Chief Moore's involvement in the case because his name appeared in Officer Theriault's report. The Superior Court did not abuse its discretion in allowing Chief Moore to testify.

■ Finally, defendant argues that the Superior Court erroneously imposed a mandatory minimum sentence that did not apply to defendant's conviction. At the time defendant was sentenced, 29 M.R.S.A.

1. M.R.Crim.P. 16(a) provides:

(1) The attorney for the state shall furnish to the defendant within a reasonable time:

(A) A statement describing any testimony or other evidence intended to be used against the defendant which: * * *

(iii) Relates to a lineup, showup, picture, or voice identification of the defendant ...

§ 2298(2) [2] prescribed a mandatory minimum sentence of 60 days for habitual offenders if that status was based on an *OUI* conviction, *see* 29 M.R.S.A. § 2292(1) (Supp. 1990), and the court expressly relied on that section. Defendant's status as an habitual offender, however, was based on a driving-to-endanger conviction. The State concedes that the mandatory minimum sentence did not apply, and accordingly requests an appropriate reduction in the amount of the fine and the period of license suspension. With regard to the jail sentence, the State argues that imposition of the mandatory 60–day sentence was rendered harmless by the concurrent 60–day sentence imposed for the OUI conviction, and that both are within the limits established by 17–A M.R.S.A. §§ 1252(2)(D) and 1301(1–A), (D) (imprisonment up to 364 days and fine up to $1000 for Class D crimes). Because the actual sentences imposed may have been improperly influenced by the court's reliance on 29 M.R.S.A. § 2298(2), we do not find the error harmless and accordingly remand for resentencing.

The entry is:

Judgments of conviction affirmed. Sentences vacated and remanded to the Superior Court for resentencing.

All concurring.

2. In 1991, the Legislature amended this section, repealing the mandatory minimum sentence provision and replacing it with a provision categorizing offenses as Class D or Class C. *See* P.L.1991, c. 293, § 5.