**STATE of Maine**

v.

**Warren D. SAMPSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 11, 1995.
Decided Jan. 12, 1996.

Michael P. Cantara, District Attorney, David Gregory, Alfred, for the State.

James P. Boone, Saco, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Warren D. Sampson appeals from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) on his conditional guilty plea pursuant to M.R.Crim.P. 11(a)(2) to operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Pamph.1994) (current version at 29–A M.R.S.A. § 2411 (Pamph. 1995)) (OUI). His conditional guilty plea preserved for appellate review the denial by the District Court (Biddeford, *Cote, J.*) of his motion to suppress evidence resulting from an investigatory stop of his vehicle. Sampson contends that the officer did not have an articulable suspicion to justify the stop. We disagree, and affirm the judgment.

Early one morning Officer Steven Garrison of the Saco Police Department was informed by his sergeant that "a possible drunk driver had just been through the drive-in window at Dunkin' Donuts, that the vehicle was headed northbound on Main Street, and that both subjects in the vehicle appeared to be intoxicated and had been drinking." The sergeant also told the officer that the vehicle was a dark-colored Dodge with Massachusetts license plate 493ACJ. The officer did not know the source of the sergeant's information.

As a result of this information Officer Garrison got in his cruiser and drove north on Main Street. Continuing north onto the Portland Road, he saw a dark-colored Dodge without a front license plate in a parking lot, approximately one-half to three-quarters of a mile from Dunkin' Donuts. The rear plate, however, did not match the description he had been given by the sergeant. He then observed a purple-colored Dodge in the parking lot and as he approached it to check the license plate the vehicle began moving. When the officer drove closer he saw that the license plate matched the description the sergeant had given him. He then turned on his vehicle's blue lights and stopped Sampson's vehicle. Before stopping Sampson's vehicle he did not observe anything unusual about the operation of the vehicle. Two or three minutes had elapsed from the time he received the information from his sergeant and the time he stopped Sampson's vehicle. The stop led to the subsequent arrest of Sampson for OUI.

Sampson moved to suppress the evidence obtained as a result of the stop. Following a hearing the District Court denied the motion. From the judgment entered in the Superior

Court on his conditional guilty plea, Sampson appeals. *See* M.R.Crim.P. 11(a)(2).

 An investigatory stop is justified if the officer at the time of the stop has " 'an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances.' " *State v. Nelson,* 638 A.2d 720, 722 (Me.1994) (quoting *State v. Dulac,* 600 A.2d 1121, 1122 (Me.1992)); *see Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880–81, 20 L.Ed.2d 889 (1968). "The reasonable suspicion standard requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch." *State v. Caron,* 534 A.2d 978, 979 (Me.1987) (citation omitted).

A trial court's finding that a stop was justified by an objectively reasonable and articulable suspicion is reviewed for clear error. *Nelson,* 638 A.2d at 722 (citing *Dulac,* 600 A.2d at 1122). A ruling on a motion to suppress based on undisputed facts involves a legal conclusion that we independently review. *State v. Dube,* 655 A.2d 338, 340 (Me. 1995).

Although the tip was anonymous a reasonable inference from the information that "a possible drunk driver had just been through the drive-in window at Dunkin' Donuts" is that the tip was reported by a Dunkin' Donuts employee. The tip contained specific information which included a description of Sampson's car, its location, the direction in which it was heading, and the license plate number.

The details of the tip were corroborated by the officer by locating a car matching the description in close proximity to the area where it had been reported within two minutes of receiving the information. When the officer stopped Sampson the tip had been sufficiently corroborated to furnish a reasonable articulable suspicion that he was engaged in criminal activity and justified the limited intrusion on privacy resulting from the stop. *See State v. Blais,* 416 A.2d 1253, 1256 (Me.1980) (investigative stop justified

based on information dispatcher conveyed to police regarding telephone report which described a blue Buick with a Massachusetts license number containing persons with guns when a car matching the description was located traveling in reported direction).

The entry is:

Judgment affirmed.

All concurring.