STATE OF MAINE                           SUPERIOR COURT
KENNEBEC, ss                             CRIMINAL ACTION
                                         DOCKET NO. CR-09-978
                                         *AJM - KEN - 6/23/2010*

STATE OF MAINE

v.                                       ORDER ON MOTION
                                         TO SUPPRESS
ROBERT EMERSON,

          Defendant


The defendant seeks to suppress evidence obtained as a result of the stop of the vehicle operated by the defendant on 12/3/09. The defendant argues that the officer lacked any specific and articulable facts to justify the stop. For the following reasons, the motion is denied.

FINDINGS OF FACT

Augusta Police Department Officer Matthew Estes graduated from the Maine Criminal Justice Academy in December 2008. He was working the 2:30 p.m. to 12:30 a.m. shift on 12/3/09. He was in uniform and operating a marked cruiser.

At approximately 10:30 p.m. he received information from dispatch. He heard that a white Jaguar traveling southbound on I-95 from Sidney was being operated erratically, was swerving, and almost struck another vehicle. The information that the Jaguar almost struck another vehicle was not included in Officer Estes's report and he did not include that in his testimony at the administrative hearing at the DMV. He did receive the information from dispatch.

Augusta Police Department Officer Nicolas Hample graduated from the Maine Criminal Justice Academy in December 2007. He also heard the dispatch information regarding the Jaguar. He heard that a white Jaguar traveling southbound on I-95 almost struck a motor vehicle and was all over the road. The information that the

1

Jaguar was all over the road was not included in Officer Hample's report. His report provided that a "possibly impaired driver almost struck another vehicle while traveling southbound on Interstate 95." The information was called in to dispatch by Jessica Verreault, who was operating a vehicle behind the white Jaguar.

Officer Estes responded and parked in a U-turn area on I-95. He observed the white Jaguar, not a commonly seen car, traveling southbound. Officer Estes pulled out behind the Jaguar and the vehicle following the Jaguar. He observed the brake lights of the second vehicle flashing. He interpreted that as meaning the operator of that car wanted the officer to know that she had called in the information about the Jaguar. The second car slowed and Officer Estes pulled in behind the Jaguar. He followed the Jaguar for four miles and observed the Jaguar traveling at fluctuating speeds from 50 to 65 m.p.h. Officer Estes observed no other erratic operation during the four-mile drive.

The Jaguar exited I-95 at the Winthrop exit. Based on the information provided by Ms. Verreault and his observations regarding the speed of the Jaguar, Officer Estes activated his blue lights and siren to stop the Jaguar. The operator of the Jaguar, the defendant, reacted immediately and pulled into a parking lot appropriately.

CONCLUSIONS

In order to justify a brief investigatory stop, "a police officer must have an articulable suspicion that criminal conduct or a civil violation has occurred, is occurring, or is about to occur, and the officer's suspicion must be 'objectively reasonable in the totality of the circumstances.'" State v. Brown, 1997 ME 90, ¶ 5, 694 A.2d 453, 455 (quoting State v. Cusack, 649 A.2d 16, 18 (Me. 1994)). "An investigatory stop is valid when it is 'supported by specific and articulable facts which, taken as a whole and together with rational inferences from those facts, reasonably warrant the police intrusion.'" See State v. Taylor, 1997 ME 81, ¶ 9, 694 A.2d 907, 909 (quoting State v. Hill,

606 A.2d 793, 795 (Me. 1992)). "The reasonable suspicion standard requires less than probable cause that a crime was being committed, but more than speculation or an unsubstantiated hunch." State v. Sampson, 669 A.2d 1326, 1328 (Me. 1996) (quoting State v. Caron, 534 A.2d 978, 979 (Me. 1987)). "The facts supporting an investigatory search need not be based on the officer's personal observations, but can be provided by an informant if the information carries sufficient 'indicia of reliability.'" State v. Cushing, 602 A.2d 1169, 1170 (Me. 1992); see also State v. Burgess, 2001 ME 117, ¶ 9, 776 A.2d 1223, 1227.

The defendant argues that the information provided by Ms. Verreault cannot be determined because of the omissions in the officers' reports and DMV testimony. These officers are relatively new to law enforcement. They testified credibly. Including every word and observation in a report is a best practice. But the court is satisfied that Ms. Verreault told dispatch that the Jaguar was being operated erratically and almost struck another vehicle. She then indicated to the officer following her that she was the person who had called in the information about the car in front of her and slowed to allow the officer to pull in behind the Jaguar. Her information and conduct provide sufficient indicia of reliability to justify Officer Estes's stop of the Jaguar when the officer found the Jaguar being operated in the location and direction provided by Ms. Verreault. State v. Vaughan, 2009 ME 63, ¶¶ 2, 7, 974 A.2d 930, 931-32 (reasonable suspicion based on a tip corroborated by the vehicle's location); Burgess, 2001 ME 117, ¶ 11, 776 A.2d at 1228 (details provided by complainant coupled with officer's verification justified stop); State v. Littlefield, 677 A.2d 1055, 1058 (Me. 1996) (officer observed a vehicle matching the description and traveling in the same direction and on the road described in the anonymous tip and defendant's immediate turn into a driveway justified stop); Cushing, 602 A.2d at 1170 (defendant's evasive action as officer approached vehicle and

3

information provided by off-duty officer justified stop); <u>State v. Poole</u>, 551 A.2d 108, 110 (Me. 1988) (content of a communication evidence of information available to the officer at the time of the stop).

The entry is

The Motion to Suppress is DENIED.


Date: June 23, 2010

Nancy Mills
Justice, Superior Court

4

STATE OF MAINE
    vs
ROBERT A EMERSON
80 POPLAR STREET
BANGOR ME 04401

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2009-00978

**DOCKET RECORD**

DOB: 04/18/1950
Attorney: LEONARD SHARON
          LEONARD SHARON ESQ PC
          223 MAIN STREET
          AUBURN ME 04210-5833
          RETAINED 12/18/2009

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 12/04/2009

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   OPERATING UNDER THE INFLUENCE-2 PRIORS      12/03/2009 AUGUSTA
Seq 11519 29-A  2411(1-A)(B)(2)        Class C
    ESTES                  / AUG


## Docket Events:

12/04/2009 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 12/04/2009

12/04/2009 Charge(s): 1
          HEARING -  INITIAL APPEARANCE SCHEDULE OTHER COURT ON 12/04/2009 @ 1:00

          AUGDC
12/07/2009 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 12/07/2009

          Bail Receipt Type: CR
          Bail Amt: $500
                              Receipt Type: CK
          Date Bailed: 12/04/2009    Prvdr Name: JOSEPH  EMERSON
                                     Rtrn Name: JOSEPH  EMERSON

12/07/2009 Charge(s): 1
          HEARING -  INITIAL APPEARANCE HELD ON 12/04/2009

12/07/2009 Charge(s): 1
          HEARING -  STATUS CONFERENCE SCHEDULED FOR 01/26/2010 @ 10:30

12/07/2009 Charge(s): 1
          PLEA -  NO ANSWER ENTERED BY DEFENDANT ON 12/04/2009

12/07/2009 BAIL BOND -  CASH BAIL BOND SET BY COURT ON 12/04/2009
          ROBERT E MULLEN , JUDGE
12/18/2009 Party(s):  ROBERT A EMERSON
          ATTORNEY -  RETAINED ENTERED ON 12/18/2009

          Attorney:  LEONARD SHARON
01/27/2010 Charge(s): 1
          HEARING -  STATUS CONFERENCE HELD ON 01/26/2010

DONALD H MARDEN , JUSTICE
Reporter: TAMMY DROUIN
Defendant Present in Court

01/27/2010 Charge(s): 1
HEARING - STATUS CONFERENCE SCHEDULED FOR 03/23/2010 @ 10:00

01/27/2010 Charge(s): 1
HEARING - STATUS CONFERENCE NOTICE SENT ON 01/27/2010

02/17/2010 Charge(s): 1
HEARING - STATUS CONFERENCE NOT HELD ON 02/17/2010

02/17/2010 Charge(s): 1
HEARING - ARRAIGNMENT SCHEDULED FOR 03/23/2010 @ 8:30

02/17/2010 Charge(s): 1
SUPPLEMENTAL FILING - INDICTMENT FILED ON 02/11/2010

02/17/2010 Charge(s): 1
HEARING - ARRAIGNMENT NOTICE SENT ON 02/17/2010

03/23/2010 Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 03/23/2010
JOHN NIVISON , JUSTICE
DA: BRAD GRANT
READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS                          ER
03/23/2010 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 03/23/2010

03/23/2010 TRIAL - DOCKET CALL SCHEDULED FOR 06/07/2010

03/23/2010 BAIL BOND - CASH BAIL BOND CONTINUED AS POSTED ON 03/23/2010
JOHN NIVISON , JUSTICE
Date Bailed: 12/04/2009
04/01/2010 Charge(s): 1
MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 04/01/2010

04/01/2010 Charge(s): 1
MOTION - MOTION IN LIMINE FILED BY DEFENDANT ON 04/01/2010

04/01/2010 Charge(s): 1
MOTION - OTHER MOTION FILED BY DEFENDANT ON 04/01/2010

MOTION FOR A REPORT
04/01/2010 Charge(s): 1
MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 04/01/2010

04/01/2010 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/09/2010 @ 1:30

NOTICE TO PARTIES/COUNSEL
04/01/2010 HEARING - OTHER MOTION SCHEDULED FOR 06/09/2010 @ 1:30

Printed on: 06/23/2010

MOTION FOR A REPORT
04/01/2010 HEARING - MOTION IN LIMINE SCHEDULED FOR 06/09/2010

NOTICE  TO PARTIES/COUNSEL
04/01/2010 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 06/09/2010 @ 1:30

NOTICE  TO PARTIES/COUNSEL
05/05/2010 TRIAL - DOCKET CALL NOT HELD ON 05/05/2010

05/06/2010 HEARING - MOTION IN LIMINE NOT HELD ON 05/06/2010

06/08/2010 HEARING - MOTION FOR DISCOVERY CONTINUED ON 06/08/2010

06/08/2010 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 06/10/2010 @ 8:30

NOTICE  TO PARTIES/COUNSEL
06/08/2010 HEARING - OTHER MOTION CONTINUED ON 06/08/2010

MOTION FOR A REPORT
06/08/2010 HEARING - OTHER MOTION SCHEDULED FOR 06/10/2010 @ 8:30

MOTION FOR REPORT
06/08/2010 HEARING - MOTION TO SUPPRESS CONTINUED ON 06/08/2010

06/08/2010 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/10/2010 @ 8:30

NOTICE  TO PARTIES/COUNSEL
06/10/2010 HEARING - MOTION TO SUPPRESS HELD ON 06/10/2010
NANCY  MILLS , JUSTICE
Attorney:  LEONARD SHARON
DA:  BRAD GRANT
Defendant Present in Court

TAPE#1329, INDEX#3363-4907
06/10/2010 Charge(s): 1
MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 06/10/2010
NANCY  MILLS , JUSTICE
06/10/2010 Charge(s): 1
TRIAL - DOCKET CALL SCHEDULED FOR 07/07/2010 @ 1:15

06/23/2010 Charge(s): 1
MOTION - MOTION TO SUPPRESS DENIED ON 06/23/2010
NANCY  MILLS , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
Clerk