STATE OF MAINE                           SUPERIOR COURT
KENNEBEC, ss.                         CRIMINAL ACTION
                                    DOCKET NO: CR-11-240
                                    *REM - KEN - 7/18/2011*

STATE OF MAINE

v.                                **ORDER DENYING**
                                   **MOTION TO SUPPRESS**

JENNIFER GAMACHE,
        Defendant

Defendant filed a motion to suppress contending that the officer involved lacked articulable suspicion to stop the defendant's vehicle, and further that the officer's observations of defendant were made after the officer had illegally trespassed on the private property of the defendant without any warrant or exigent circumstances. A hearing on the defendant's motion to suppress was held before the court on June 8, 2011. At the hearing, the officer involved, Dana Wesling, of the Monmouth Police Department, provided testimony for the court's consideration.

Based upon the testimony and evidence presented at the hearing, the court finds the following:

On January 25, 2011, at approximately 10:20 p.m., Officer Wesling received a message through the Winthrop dispatch conveying a request from the Lewiston Police Department asking officers to be on the look out for a Jennifer Gamache who was leaving the Lewiston area operating a red Saturn and further providing the license plate number. Officer Wesling was not aware of the original source of the information provided to the Lewiston Police Department. Officer Wesling testified that he was familiar with Jennifer Gamache and that he knew where she lived on 144 Annabessacook Road, having been there himself on more than one occasion. After receiving the report from dispatch, Officer Wesling proceeded to the 144 Annabessacook Road location.

Upon approaching 144 Annabessacook Road, Officer Wesling observed a vehicle approaching toward him from the other direction with one missing headlight. The vehicle turned into the driveway at 144 Annabessacook Road. Officer Wesling followed that vehicle to make a stop. At the time, Officer Wesling did not know if the vehicle was the red Saturn described in the dispatch report.

The roadway leading from the public road at 144 Annabessacook Road was a long private way, approximately 500 yards, leading to two separate driveways—one to the home of the defendant, Jennifer Gamache, and the other to the home of the defendant's father. Although the private roadway has a gate approximately 150 feet from the public roadway, the gate was not secured on the evening of January 25, 2011. Officer Wesling followed the vehicle with the non-functioning headlight into the private roadway.[1]

After Officer Wesling approached the vehicle in front of him on the private way, he determined that it was not the red Saturn vehicle, which was the subject of the earlier dispatch. Officer Wesling testified that at about the same time he determined the vehicle in front of him was not the red Saturn vehicle, he observed another vehicle approaching him, while still on the private way. Officer Wesling signaled, with a hand signal, for the approaching vehicle to stop. When the approaching vehicle was approximately fifteen feet from Officer Wesling's vehicle, he determined that the operator was the defendant and the vehicle was the red Saturn, which was the subject of the earlier dispatch report.

---

[1] At various points along the private roadway there were no trespassing signs posted which Officer Wesling testified he had not observed on the night in question, or on earlier occasions when he had been at the same location.

At the point Officer Wesling stopped the defendant's vehicle, the vehicle was on the curved portion of the private way, but not in the specific driveway that led to the defendant's trailer home.[2]

## ANALYSIS

The court concludes that the defendant's motion to suppress raises two issues for the court's determination. First, whether there was an articulable suspicion to stop the defendant's vehicle and two, whether the stop of the vehicle on the specific location on the private way owned by defendant violated the Fourth Amendment.

An investigatory stop is justified if the officer at the time of the stop has "an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances." *State v. Sampson*, 669 A.2d. 1326, 1328 (ME 1996). In the *Sampson* case, similar to the case before the court, an anonymous tip was forwarded to the police officer involved, through dispatch, providing specific information regarding the description of the defendant's vehicle and the license plate number. In addition, in the pending case, the name of the individual driver, and information regarding a birthday celebration, was also forwarded. Again, as in *Sampson*, the officer in the pending matter corroborated the details of the information conveyed in the dispatch when the officer

---

[2] The court does not recall whether there was specific testimony as to the distance from the point of the defendant's vehicle stop to the point of her trailer, but the officer's testimony was that the distance of the trailer from the public road was 400 or 500 yards, and the distance where he observed the defendant's vehicle on the private way was 300 to 400 yards from the public roadway.

stopped the defendant's vehicle within a relatively short period of time after receiving the dispatch.

This court concludes that the stop of the defendant's vehicle under the circumstances was supported by more than speculation or an unsubstantiated hunch given the information conveyed to him through the specific dispatch.

Defendant further contends that the location of the stop on the defendant's private way constituted a stop within the curtilage of her home, and thus violated the Fourth Amendment of the Constitution. The court in *State v. Boyington*, 714 A.2d. 141 (ME 1998) noted that the Fourth Amendment protection does not depend upon a property right in the place at issue, but whether the person has a legitimate expectation of privacy in the invaded place. In determining the reach of the curtilage of ones home, the court identified four factors for consideration:

1) Proximity of area claimed to be curtilage to the home;

2) Whether area claimed to be curtilage is included within an enclosure surrounding the home;

3) The nature of the use as to which the area is put; and

4) Steps taken by the resident to protect the area from observation by people passing by. *Id.* at 143.

The *Boyington* court further noted that none of the individual factors is dispositive, but rather should assist in the analysis of determining "whether the area in question is so intimately tied to the home itself that it should be placed under the home's umbrella of Fourth Amendment protection." *Id.* at 143

The State bears the burden of proving that the area of the stop at issue was outside the curtilage of the defendant's home. Although it is not disputed that the stop did occur

within the private way owned by the defendant, the court is not persuaded, by applying the four factors identified in *Boyington*, that the specific location of the stop was within the curtilage of the defendant's home. The evidence suggests that the point of the stop was 100 to 200 yards from the defendant's home and that there is no evidence that that area of the stop was included within an enclosure surrounding the defendant's home. Although there was undisputed evidence that the defendant, or the defendant's father had placed a number of no trespassing signs along the private roadway, the officer testified that the signs were not observed by him on the night of the stop. Further, the gate located hear the entrance to the private way from Annabessacook Road was open and unlocked at the time the officer followed the vehicle with the non-functioning headlight onto the private way.

In conclusion, the court determines that the area of the actual stop of the defendant's vehicle was outside the curtilage of her home. Accordingly, the stop of the defendant's vehicle under the facts of this case did not violate her Fourth Amendment rights. The defendant's motion to suppress is hereby denied.

Dated: 7/18/11

_____
Robert E. Murray, Jr.
Justice, Superior Court

STATE OF MAINE
  vs
JENNIFER L GAMACHE
144 ANNABESSACOOK RD
NORTH MONMOUTH ME 04265

DOB: 01/25/1983
Attorney: WILLIAM BAGHDOYAN
         WILLIAM BAGHDOYAN, ATTORNEY AT LAW
         72 WINTHROP STREET SUITE 2
         AUGUSTA ME 04330
         PARTIALLY INDIGENT 03/24/2011

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2011-00240

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

## Charge(s)

1    OPERATING UNDER THE INFLUENCE        01/25/2011 MONMOUTH
Seq 11493 29-A  2411(1-A)(A)        Class D
   WESSLING            / MON

## Docket Events:

04/06/2011 Charge(s): 1
         TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 04/06/2011 at 06:00 p.m.

         TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR201100152
         FILING DOCUMENT -  NON CASH BAIL BOND FILED ON 01/26/2011

         Charge(s): 1
         HEARING -  ARRAIGNMENT SCHEDULED FOR 03/23/2011 at 10:00 a.m. in Room No.  1

         NOTICE TO PARTIES/COUNSEL
         Charge(s): 1
         HEARING -  ARRAIGNMENT HELD ON 03/23/2011

         DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS
         BAIL BOND - $500.00 UNSECURED BAIL BOND FILED ON 01/26/2011

         Bail Amt:  $500
         Date Bailed: 01/26/2011
         Charge(s): 1
         SUPPLEMENTAL FILING -  COMPLAINT FILED ON 01/26/2011

         Charge(s): 1
         PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 03/23/2011

         Charge(s): 1
         TRIAL -  BENCH SCHEDULED FOR 05/10/2011 at 08:30 a.m. in Room No.  1

         NOTICE TO PARTIES/COUNSEL
         Charge(s): 1
         TRIAL -  BENCH NOT HELD ON 04/06/2011

         Charge(s): 1
         TRIAL -  BENCH NOTICE SENT ON 03/24/2011

Charge(s): 1
MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 03/23/2011

Charge(s): 1
MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 03/23/2011
BETH DOBSON , JUDGE
COPY TO PARTIES/COUNSEL
Party(s): JENNIFER L GAMACHE
ATTORNEY - PARTIALLY INDIGENT ORDERED ON 03/24/2011

Attorney: WILLIAM BAGHDOYAN
Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL REQUESTED ON 04/06/2011

Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL REQUESTED ON 04/06/2011

Charge(s): 1
FINDING - TRANSFER FOR JURY TRIAL TRANSFERRED ON 04/06/2011

AUGSC
04/14/2011 Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL RECVD BY COURT ON 04/14/2011

RECEIVED FROM AUGUSTA DISTRICT COURT DOCKET NO: CR-11-152
04/27/2011 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 04/27/2011

Attorney: WILLIAM BAGHDOYAN
04/28/2011 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/07/2011 at 09:15 a.m.

NOTICE TO PARTIES/COUNSEL
06/07/2011 HEARING - MOTION TO SUPPRESS CONTINUED ON 06/07/2011

06/07/2011 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/08/2011 at 08:30 a.m.

NOTICE TO PARTIES/COUNSEL
06/10/2011 OTHER FILING - OTHER DOCUMENT FILED ON 06/09/2011

DA: ALAN KELLEY
CITATIONS REQUESTED BY COURT
06/17/2011 OTHER FILING - OTHER DOCUMENT FILED ON 06/17/2011

Attorney: WILLIAM BAGHDOYAN
REQUESTED CITATIONS
07/19/2011 HEARING - MOTION TO SUPPRESS HELD ON 06/08/2011
ROBERT E MURRAY JR, JUSTICE
07/19/2011 MOTION - MOTION TO SUPPRESS DENIED ON 07/13/2011
ROBERT E MURRAY JR, JUSTICE
COPY TO PARTIES/COUNSEL
07/22/2011 ORDER - COURT ORDER FILED ON 07/18/2011
ROBERT E MURRAY JR, JUSTICE
07/22/2011 ORDER - COURT ORDER ENTERED ON 07/18/2011

07/22/2011 Charge(s): 1
      TRIAL - DOCKET CALL SCHEDULED FOR 09/07/2011

## Receipts

| | | | | | |
|---|---|---|---|---|---|
| 04/15/2011 | Attorney Payment | $25.00 | CA | paid. |
| 05/16/2011 | Attorney Payment | $25.00 | CA | paid. |
| 06/08/2011 | Attorney Payment | $25.00 | CA | paid. |
| 07/22/2011 | Attorney Payment | $25.00 | CA | paid. |

A TRUE COPY

ATTEST: _____

               Clerk