STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
UNIFIED CRIMINAL DOCKET
DOCKET NO: CR-20-1042

STATE OF MAINE

v.

JUSTIN SCOTT

)
)
)
)
)
)
)
)

ORDER

Before the Court is Defendant, Justin Scott's, Motion to Suppress. Based on the following, Mr. Scott's Motion is denied.

**I. Facts**

On January 24, 2020, the manager of a South Portland McDonalds called 911 to report that a man, later identified as Justin Scott, appeared to have overdosed in his car in the restaurant's parking lot. The caller advised the 911 operator that Mr. Scott was "slumped over" the steering wheel in an abnormal sleeping position. The caller also provided a description of the car and the license plate number. South Portland Police Officer, Shane Stephenson, was dispatched to the McDonald's parking lot.

Prior to Officer Stephenson's arrival and unbeknownst to him at the time, the 911 caller was asked to knock on the window of Mr. Scott's car. After two attempts, he woke up. Mr. Scott told the 911 caller that he had fallen asleep while waiting for his brother. He also said he was fine and did not require further assistance. The 911 caller also said he seemed fine. Mr. Scott then drove out of the parking lot.

Officer Stephenson was in close enough proximity to the McDonalds to observe Mr. Scott leave the parking lot. Officer Stephenson followed Mr. Scott's vehicle, maneuvered his marked

K-9 cruiser behind him, and initiated his blue lights. Mr. Scott pulled into another parking area and was subsequently arrested for various offenses.

Officer Stephenson testified that he has been a South Portland Police Officer for approximately eleven years. As a canine handler, he has responded to roughly three dozen overdoses during his career. He testified that from his training and experience, he is aware that individuals who awake during an overdose are often disoriented and invoke a "flight, fight, or fright instinct." He said that many individual's "take-off" once they awake from an overdose. Officer Stephenson also testified that he is familiar with the South Portland McDonalds, and that he and other officers have responded to numerous overdose and drug related incidents at that location. Officer Stephenson confirmed that at the time he initiated his blue lights, he was aware of the suspected drug overdose. Officer Stephenson was also aware that Mr. Scott had awakened as he observed him drive away from the McDonalds. Officer Stephenson did not observe Mr. Scott commit any traffic infractions or otherwise drive erratically.

At hearing, Mr. Scott sought to introduce the recording of the 911 call. The State objected to the introduction of the 911 recording, arguing 1) it was not relevant because Officer Stephenson had no knowledge of the substance of the 911 call;[1] and, 2) the content of the call cannot be imputed to be within Officer Stephenson's "collective knowledge."[2] The Court withheld ruling on the admissibility of the 911 recording pending receipt of the parties' briefs on the issues presented.

---

[1] Officer Stephenson testified that he had not heard the 911 recording prior to the court hearing on Mr. Scott's Motion to Suppress.

[2] The "collective knowledge doctrine" holds generally that reasonable articulable suspicion can be based on the collective knowledge of multiple police officers or departments. *See e.g. State v. Carr*, 1997 ME 221, 704 A.2d 353; *Whitley v. Warden*, 401 U.S. 560 (1971).

**II. Discussion**

The Fourth Amendment to the United States Constitution and Article I, Section 5 of the Maine Constitution protect motorists from being unreasonably detained by police. *See State v. LaForge*, 2012 ME 65, ¶ 8, 43 A.3d 961. In order for a detention to be constitutional, "a police officer must have an objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring, or is about to occur." *State v. Sylvain*, 2003 ME 5, ¶ 11, 814 A.2d 984 (footnote omitted). "The officer's suspicion that any of these circumstances exists must be objectively reasonable under the circumstances." *Id.* The only requirement the Law Court has imposed on the reasonable articulable suspicion standard is that, the officer's suspicion "be more than mere speculation or an unsubstantiated hunch." *State v. Porter*, 2008 ME 175, ¶ 9, 960 A.2d 321.

In *State v. Sampson* for example, the Law Court held that an officer had reasonable articulable suspicion to justify detaining a vehicle based on an "anonymous tip" that an intoxicated driver had just been through the drive-in window at Dunkin' Donuts. 669 A.2d 1326, 1327 (Me. 1996). "The tip contained specific information which included a description of [the Defendant's] car, its location, the direction in which it was heading, and the license plate number." *Id.* at 1328. The detaining officer was able to corroborate the tip "by locating a car matching the description in close proximity to the area where it had been reported within two minutes of receiving the information." *Id.* The Court held that this corroboration was sufficient to furnish the officer with reasonable articulable suspicion that the Defendant was engaged in criminal activity and justify the stop. *Id.*

The detention in this case was based on specific information provided by to the 911 operator, to dispatch and to Officer Stephenson; his personal observations; and, his training and

experience. The McDonald's manager did not make an anonymous 911 call. She identified herself, reported a suspected overdose in the restaurant's parking lot, and provided a description of the vehicle. Officer Stephenson was aware from his training and experience that the McDonald's parking lot is known for drug activity, including overdoses. Although the entire content of the call – specifically, that Mr. Scott woke up, said he was fine, appeared to be fine to the 911 caller, and did not require assistance - was not relayed to Officer Stephenson, he was in such close proximity to the McDonald's at the time of the call that he was able to observe Mr. Scott's vehicle leave the parking lot.

The basis of Officer Stephenson's suspicion was more than an anonymous, generic tip regarding a potentially intoxicated driver. Officer Stephenson was specifically made aware that Mr. Scott could be suffering from an overdoes due to his awkward sleeping position. He was aware that the area is known for drug activity, including overdoses. Officer Stephenson was also aware that people waking up from an overdose are often disoriented and invoke a "flight, fight, or fright instinct." He said that many individual's "take-off" once they awake from an overdose. Based on the information provided by the 911 operator to dispatch, Officer Stephenson's personal observations, and his training and experience, Officer Stephenson had reasonable articulable suspicion to detain the Defendant for the purpose of determining whether he posed a risk to public safety or, indeed, to himself.

Because the court finds that Officer Stephenson had reasonable articulable suspicion to detain Mr. Scott, the court declines to rule on whether or not all of the information provided by a 911 caller can be imputed to be within the collective knowledge of an officer. There is nothing in the 911 call that would defeat Officer Stephenson's "objectively reasonable, articulable suspicion that either criminal conduct, a civil violation, or a threat to public safety has occurred, is occurring,

or is about to occur." *State v. Sylvain*, 2003 ME 5, ¶ 11, 814 A.2d 984 (footnote omitted.)[3]
Although the caller stated that the Defendant had woken up and appeared to be okay, Officer Stephenson was aware that those suffering from an overdose can wake up and often flee the area. The court finds that Officer Stephenson's judgment and experience as law enforcement officer is of greater weight than the passive observation made by a member of the general public. As such, the contents of the 911 call would not render Officer Stephenson's judgment unreasonable under the circumstances, and particularly in light of the Law Court's ruling in *Sampson*. Therefore, the court concludes it is unnecessary to rule on whether the contents of a 911 call may be imputed to be within the collective knowledge of the police under these circumstances.

**III. Conclusion**

Officer Stephenson had reasonable articulable suspicion to detain Mr. Scott. Because there is nothing in the substance of the 911 call that would render Officer Stephenson's suspicion unreasonable, the Court declines to rule on whether the 911 call is within the collective knowledge of the police.

Defendant's Motion to Suppress is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 2/11/2021

MaryGay Kennedy, Justice
Maine Superior Court

---

[3] Because the Court declines to rule on whether the substance of the 911 call falls within the collective knowledge doctrine, the Court finds that the substance of the 911 call is admissible pursuant to M. R. Evid. 401 and 402 for the limited purpose of deciding this Motion to Suppress.

Page 5 of 5